UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JOAQUÍN EMILIO CARDONA-SANDOVAL,

  Petitioner,

  v.

UNITED STATES OF AMERICA,

  Respondent.

Civil No. 07-1746 (JAF)

(Criminal No. 04-205)

**O R D E R**

Petitioner, Joaquín Emilio Cardona-Sandoval, requests a certificate of appealability ("COA") from this court to appeal our denial of his Federal Rule of Civil Procedure 60(b) motion, in which he moved to vacate our November 25, 2008, denial of his 28 U.S.C. § 2255 petition (Docket No. 23). (Docket No. 30.)

To appeal a final order of the district court in a § 2255 proceeding, a petitioner must first obtain a COA, 28 U.S.C. § 2253(c)(1)(B), which may issue from the district court, Grant-Chase v. Comm'r, N.H. Dep't of Corr., 145 F.3d 431, 435 (1st Cir. 1998).[1]  We grant a COA only upon "a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  Where a petitioner's time to appeal the underlying § 2255 denial has lapsed, we consider only the disposition of the Rule 60(b) motion.  See Munoz v. United States, 331 F.3d 151, 152 (1st Cir.

---

[1] "Many Courts of Appeals have construed 28 U.S.C. § 2253 to . . . [require a] petitioner to obtain a COA as a prerequisite to appealing the denial of a Rule 60(b) motion." Gonzalez v. Crosby, 545 U.S. 524, 565 n.7 (2005) (declining to decide but discussing favorably said construction); see also Munoz v. United States, 331 F.3d 151 (1st Cir. 2003) (considering request for COA to appeal Rule 60(b) motion).

Civil No. 07-1746 (JAF)                                                                                                                              -2-

2003). When the district court issued a procedural ruling, declining to address the merits of a petitioner's constitutional claims, a COA may issue only if "(1) the soundness of the procedural ruling is debatable, and (2) the constitutional claim is also colorable." Mateo v. United States, 310 F.3d 39, 40 (1st Cir. 2002) (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)).

In the instant case, we consider only our denial of the Rule 60(b) motion, as Petitioner's time to appeal the underlying § 2255 denial has lapsed; Petitioner's notice of appeal, dated September 25, 2009 (Docket No. 26), was filed well beyond the sixty days he had to appeal our decision dated November 25, 2008 (Docket No. 17). See Rules Governing § 2255 Proceedings, Rule 11(b); Fed. R. App. P. 4(a).

We find that our denial of Petitioner's Rule 60(b) motion was not only sound but jurisdictionally required. This case tracks Munoz v. United States, in which the First Circuit determined that the district court had no jurisdiction to consider the Rule 60(b) motion and, thus, affirmed the district court's denial of said motion. 331 F.3d 151. The district court in Munoz lacked jurisdiction to consider the petitioner's Rule 60(b) motion because it "principally challenge[d] the constitutionality of [his] underlying conviction." See id. at 152. The same is true of Petitioner's Rule 60(b) motion in the instant case. (See Docket No. 22.) Thus the district court there, as here, was required to consider said motion a successive § 2255 petition. See Munoz, 331 F.3d at 152; (see also Docket No. 22). And a district court has no jurisdiction to consider a successive § 2255 petition where, as here, the petitioner "did not seek, let alone obtain" authorization to file one, as required under Rule 9 of the Rules Governing § 2255 Proceedings. See Munoz, 331 F.3d at 153.

Civil No. 07-1746 (JAF) -3-

Because our denial of Petitioner's Rule 60(b) motion was jurisdictionally required, the soundness of said denial is not debatable. See Mateo, 310 F.3d at 40. Accordingly, we hereby **DENY** Petitioner's request for a COA under 28 U.S.C. § 2253 (Docket No. 30).

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 11th day of December, 2009.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge